### BORCHARDT v. PARKER.

(Supreme Court, Appellate Term. February 7, 1908.)

1. LANDLORD AND TENANT—ACTION FOR RENT—EVIDENCE—SUFFICIENCY.

In an action for rent, in which the tenant set up a counterclaim for damages for breach of contract by the landlord to heat the premises, evidence *held* sufficient to sustain claim of defendant.

2. SAME—MEASURE OF DAMAGES.

In an action for rent, wherein defendant set up a counterclaim for damages for failure of the landlord to supply heat according to the lease, the measure of damages was the difference between the agreed value of the

leased apartment when heated according to the contract of lease and its value as it actually was heated.

**3. SAME—DEFENSES—ACQUIESCENCE BY TENANT.**

The fact that a tenant retained possession of leased premises after the landlord failed to supply heat as covenanted in the lease was no bar to her counterclaim in an action for rent for damages sustained by the breach of covenant.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Samuel Borchardt against Eliza A. Parker. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Kidder, Melcher & Ayres, for appellant.

Frederick H. Denman, for respondent.

PER CURIAM. The action is for rent. The defense is based on a counterclaim for damages for breach of the contract of lease in failing to supply heat. The court below held that defendant had not established her counterclaim, and gave judgment for plaintiff for the full amount claimed. Defendant appeals.

It is undisputed that the contract of lease required "heat to be furnished when necessary for comfort." Defendant's testimony in support of the counterclaim is undisputed. She herself and two other witnesses make out a clear case of serious discomfort arising from lack of heat supply during the months of January, February, March, and April. The house was properly equipped, apparently, with a steam-heating apparatus; but frequently the heat was turned on only for a short time in the morning and for about two hours in the evening, so that the apartment was extremely uncomfortable during the intervening hours. The testimony of the expert on the rental value of apartments showed that under the circumstances indicated by defendant's evidence the value of the apartment to defendant was very small indeed, practically nothing "outside of storage." The difference between the agreed value of the apartment, when heated according to the contract of lease, and its value when imperfectly and irregularly heated, in the manner indicated by the evidence of defendant, would be the ordinary measure of defendant's damage, which she had a right to counterclaim in the landlord's action for rent; and the fact that the tenant retained possession of the premises is no bar to her counterclaim for damages by reason of the landlord's breach of covenant. In addition to the above-mentioned element of damage, defendant showed other elements of special damage caused by plaintiff's breach of contract. The judgment is clearly against the evidence, and cannot stand.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.